**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**LESTER ARIAS FREITES,**
        **Petitioner,**

    **v.**                                **Case No. 26-cv-862**

**DALE J. SCHMIDT, et al.,**
        **Respondents.** [1]

---

## ORDER TO SHOW CAUSE

On May 15, 2026, I received a petition for a writ of habeas corpus under 28 U.S.C. § 2241 from Lester Arias Freites. Petitioner is a Venezuelan national who has been present in the United States for approximately four years. The petition indicates that he is being detained at the Dodge County Detention Facility in Juneau, Wisconsin, by U.S. Immigration and Customs Enforcement ("ICE"). He alleges that he is properly categorized under 8 U.S.C. § 1226(a), rather than § 1225(b)(2), so his continued detention without an individualized assessment that he poses a flight risk or a danger to the community violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause.

Section 2243 of Title 28 of the United States Code states as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[1] I am substituting "Warden of Dodge Detention Facility" with his name, Dale J. Schmidt.

Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief. Therefore, I will order the respondents to show cause why relief should not be granted.

Under § 2243, a response to an order to show cause is due within three days. However, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, a court is authorized to apply the § 2254 rules to any habeas corpus petition, and under Rule 4 of those rules, a court has wide discretion in setting the deadline for filing a response to a petition. *See Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994). I conclude that ten days is a reasonable period of time for preparing a response to this order and will require the United States respondents to file a response within that time.

Briefly, I will also address petitioner's request that he be granted a temporary restraining order "directing Petitioner's immediate release and enjoin[ing] Respondents' continued detention of Petitioner" ECF No. 1 at 2. Rule 65(b) provides that the court may issue an *ex parte* temporary restraining order only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Other than the harm inherent in being detained unlawfully, which every habeas petitioner contends, petitioner has made no specific showing of need for relief before the respondent can be heard. This denial is without prejudice to petitioner making the necessary showing for *ex parte* relief should such "an extraordinary and drastic remedy" be warranted. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).

2

Accordingly, **IT IS ORDERED** that the Clerk of Court shall substitute Dale J. Schmidt for "Warden of Dodge Detention Facility."

**IT IS FURTHER ORDERED** that petitioner's motion for a temporary restraining order is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order along with the petition on the respondents.

**IT IS FURTHER ORDERED** that counsel for the United States answer and show cause why relief should not be granted within ten days of this order. Counsel should identify any material facts to distinguish this petition from the petition in *López de la Cruz v. Schmidt*, No. 25-cv-1562-LA (E.D. Wis. Nov. 19, 2025), or new legal authority, or indicate if none exists.

**IT IS FURTHER ORDERED** that petitioner's reply to respondents' answer, if any, is due five days after such answer is filed.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2026.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge

3