# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

LESTER ARIAS FREITES,
     Petitioner,

    v.                                     Case No. 26-cv-862

DALE J. SCHMIDT, et al.,
     Respondents.

---

## DECISION AND ORDER

Lester Arias Freites filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). On May 18, 2026, the United States was ordered to respond and show cause why the petition should not be granted. ECF No. 2. That response was received on May 28, 2026. For the reasons that follow, the petition is granted.

## I. BACKGROUND

Petitioner is a Venezuelan national who arrived in the U.S. in 2022. Pet. ¶ 19. Petitioner has a pending affirmative asylum application and no criminal history. *Id.* ¶¶ 21–22. While complying with an ICE check-in in Milwaukee, Wisconsin, petitioner was arrested on April 30, 2026. *Id.* ¶ 23. Petitioner has been in the United States for approximately four years now and resides with his partner and daughter. *Id.* ¶ 20. His daughter has medically complex needs requiring 24-hour care. *Id.* Since petitioner's detention, the family has had to hire a nurse to assist with the child's medical care. *Id.* Petitioner has not been afforded a bond hearing while in ICE detention. *Id.* ¶ 27.

## II. DISCUSSION

Petitioner argues that the government is unlawfully categorizing his detention as pursuant to 8 U.S.C. § 1225, which mandates detention pending immigration proceedings, rather than pursuant to 8 U.S.C. § 1226(a), which provides for individualized custody terminations and the possibility of release on bond. He further charges that this is not only a violation of the Immigration and Nationality Act, but also the Fifth Amendment's Due Process Clause. He argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is not an "applicant for admission" who is "seeking admission." *See* § 1225(b)(2)(A) (stating that any noncitizen "applicant for admission" who is "seeking admission" but is deemed inadmissible "shall be detained" for removal proceedings). To the contrary, he contends that his detention must be pursuant to 8 U.S.C. § 1226(a), which allows for release on bond, because he was arrested far away from the border and many years after his entry into the country.

Respondents argue that petitioner is correctly classified as an "applicant for admission" under 8 U.S.C. § 1225(b)(2) because he is a noncitizen "present in the United States who has not been admitted." § 1225(a)(1). Moreover, because he "is not clearly and beyond a doubt entitled to be admitted," his detention pending removal proceedings is mandatory. § 1225(b)(2)(A).

I have previously held that mandatory detention under § 1225(b)(2)(A) applies only to noncitizens who are both "applicants for admission" and are apprehended while actively "seeking admission"—proximate in time and place to their most recent entry or attempted entry. *See López de la Cruz v. Schmidt*, Case No. 25-CV-1562-LA (E.D. Wis. Nov. 19, 2025). Since then, the Seventh Circuit decided *Castanon-Nava v. U.S. Dept. of*

*Homeland Security*, No. 25-3050, -- F.4th --, 2026 WL 1223250 (7th Cir. May 5, 2026). In that case, one Seventh Circuit judge agreed with my prior decision, opining that § 1225 applies only to noncitizens who present themselves for lawful admission at the border or a port of entry, *see* 2026 WL 1223250 at *11 (Lee, J.), one judge opined that § 1225 also applies to applicants for admission arrested in the interior of the country, *see* 2026 WL 1223250 at *35 (Kirsh, J.), and one judge expressly declined to decide the issue, *see* 2026 WL 1223250 at *22 (Pryor, J.). This leaves me with no more direction or binding authority than I previously had.

Respondents are right to point out that this means the Seventh Circuit's preliminary opinion in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, which agreed with my perspective, is less persuasive. 161 F.4th 1048, 1061–62 (7th Cir. 2025). However, respondents have not identified any facts that distinguish this case from *López de la Cruz*, Case No. 25-CV-1562-LA (E.D. Wis. Nov. 19, 2025), an opinion I rendered before the preliminary opinion in *Castañon-Nava*. Thus, while the law in this area remains decidedly unsettled, I am unpersuaded that I should stray from my past reasoning.

### III. CONCLUSION

**IT IS ORDERED** that the petition for a writ of habeas corpus is **GRANTED**. Petitioner must be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) within 10 days of this order. The Clerk will enter final judgment.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

3